FILED

2014 JUL -2 PM 12: 39

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### January 2014 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JIANJUN QIAO,<br>　aka "Feng Li," and<br>SHILAN ZHAO,<br><br>　　　　Defendants. | CR No. **CR 14 00384**<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy to Commit Immigration Fraud and Interstate and International Transport of Stolen Money; 18 U.S.C. § 1546(a): Immigration Fraud; 18 U.S.C. § 1956(h): Conspiracy to Commit Money Laundering; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

### INTRODUCTORY ALLEGATIONS

1.    From in or about 1998 to in or about 2011, defendant JIANJUN QIAO, also known as ("aka") "Feng Li" ("defendant QIAO") was the director of the Zhoukou Municipal Grain Reserve (the "Zhoukou Storehouse") for the Henan Provincial Branch of the Central Grain Reserve in the People's Republic of China ("China").  The Zhoukou

//

WLH:RLC

1   Storehouse was a Chinese government entity in Henan Province
2   responsible for purchasing and selling grain in an area of
3   approximately 4,500 square miles.

4         2.   On or about September 26, 1987, defendant QIAO and
5   defendant SHILAN ZHAO ("defendant ZHAO") were married in China.

6         3.   On or about July 17, 2001, defendants QIAO and ZHAO
7   registered a divorce in China.

8         4.   The Zhoukou Luwang Flour Co., Ltd. ("Luwang") and Huaiyang
9   County Huihua Flour Co., Ltd. ("Huihua") were flour companies that
10  were located in Zhoukou City in Henan Province, China.

11        5.   Under the EB-5 "investor visa" program, an alien, based
12  upon a qualifying investment of $500,000 in a regional center in the
13  United States, may apply to reside in the United States for a
14  conditional period of two years, which may then be adjusted to
15  permanent resident status.  The alien does so by submitting to U.S.
16  Citizenship and Immigration Services ("USCIS") a Form I-526
17  (Immigration Petition by Alien Entrepreneur).  If approved by USCIS,
18  the alien would be eligible to apply for an I-51 visa (investor pilot
19  program principal (targeted area) -- conditional), and the alien's
20  spouse would be eligible to apply for an I-52 visa (spouse of an
21  alien classified as I-51 or I-56 -- conditional).  Within 90 days
22  before the second anniversary of the date that the alien obtains
23  conditional residency status, the alien may seek to remove the
24  conditions on the alien's visa as well as derivatively issued visas
25  (for example, for a spouse and other family members) by filing a Form
26  I-829 (Petition by Entrepreneur to Remove Conditions).

27        6.   On or about June 6, 2011, the exchange rate between the
28  currency in China, or Renminbi ("RMB"), and the U.S. dollar was

approximately 6.48025 RMB to one U.S. dollar, and on or about September 19, 2011, the exchange rate was approximately 6.3915 RMB to one U.S. dollar, and the highest RMB exchange rate (in terms of the value of one U.S. dollar) between those dates, inclusive, was on or about July 13, 2011, when the exchange rate was approximately 6.490885 RMB to one U.S. dollar.

COUNT ONE

[18 U.S.C. § 371]

7.    The Grand Jury repeats, re-alleges, and incorporates by reference all of the introductory allegations set forth in paragraphs 1 through 6 of this Indictment as if set forth herein.

I.    THE OBJECTS OF THE CONSPIRACY

8.    Beginning on a date unknown to the Grand Jury, but no earlier than on or about May 28, 2008, and continuing through on or about July 2, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendants QIAO and ZHAO, together with others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to commit the following offenses against the United States:

a.    To make under oath, and under penalty of perjury subscribe as true, any false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws or regulations prescribed thereunder, and to present such application, affidavit, and other document which contains such false statement and which fails to contain any reasonable basis in law and fact, in violation of Title 18, United States Code, Section 1546(a); and

b.    To transport, transmit, and transfer money of the value of $5,000 or more in interstate and foreign commerce, knowing the same to have been stolen, converted, or taken by fraud, in violation of Title 18, United States Code, Section 2314.

1  II.   THE MANNER AND MEANS OF THE CONSPIRACY

2       9.   The objects of the conspiracy were carried out, and to be

3  carried out, in substance, as follows:

4            a.   Defendant ZHAO would apply for an EB-5 investor visa

5  based in part on the false representation that defendants QIAO and

6  ZHAO were married, when in fact they had been divorced, and in part

7  on forged and altered documents to show defendant ZHAO's purported

8  interest in Luwang and Huihua, when in fact defendant ZHAO had no

9  such interest in either company.

10           b.   Defendant QIAO would apply for immigration status

11 deriving from defendant ZHAO's EB-5 investor visa, based on the false

12 representation that defendants QIAO and ZHAO were married, when in

13 fact they had been divorced.

14           c.   Defendant QIAO would cause fraudulent transactions to

15 be conducted for grain belonging to the Zhoukou Storehouse and would

16 cause proceeds of those transactions that belonged to the Zhoukou

17 Storehouse to be transferred out of China for his own benefit.

18           d.   Defendants QIAO and ZHAO would cause those proceeds to

19 be transferred into the United States and used to purchase real

20 property in the United States.

21 III. OVERT ACTS

22      10.  In furtherance of the conspiracy and to accomplish its

23 objects, defendants QIAO and ZHAO, together with others known and

24 unknown to the Grand Jury, committed and willfully caused others to

25 commit the following overt acts, among others, in the Central

26 District of California and elsewhere:

27

28

A.   Immigration Applications

Overt Act No. 1:   On or about May 28, 2008, defendant ZHAO signed under penalty of perjury a Form I-526 (Immigration Petition by Alien Entrepreneur), which incorporated as evidence a letter that listed defendant QIAO as her husband and stated that the source of defendant ZHAO's investment were cash advances based on her partial ownership of Luwang and Huihua.

Overt Act No. 2:   On or about July 16, 2008, defendant ZHAO caused U.S. Citizenship and Immigration Services ("USCIS") to receive the Form I-526 that defendant ZHAO had signed on May 28, 2008, together with attached documents.

Overt Act No. 3:   On or about May 22, 2009, defendants QIAO and ZHAO caused the Department of State, through the U.S. Consulate General in Guangzhou, China, to receive a Form DS-230 Part 1 (Application for Immigrant Visa and Alien Registration) for defendant ZHAO, which stated that defendant ZHAO's spouse was defendant QIAO.

Overt Act No. 4:   On or about May 22, 2009, defendants QIAO and ZHAO caused the Department of State, through the U.S. Consulate General in Guangzhou, China, to receive a Form DS-230 Part 1 (Application for Immigrant Visa and Alien Registration) for defendant QIAO, which stated that defendant QIAO's spouse was defendant ZHAO.

Overt Act No. 5:   On or about October 20, 2009, defendant ZHAO received an I-51 visa (investor pilot program principal (targeted area) -- conditional) issued by the U.S. Department of State.

Overt Act No. 6:   On or October 20, 2009, defendant QIAO received an I-52 visa (spouse of an alien classified as I-51 or I-56 -- conditional) issued by the U.S. Department of State.

1    Overt Act No. 7:    On or about October 23, 2009, defendants

2    QIAO and ZHAO made entry into the United States based upon a

3    presentation of documents that included the Forms DS-230 Part 1 for

4    defendants QIAO and ZHAO.

5    Overt Act No. 8:    On or about July 27, 2011, defendant ZHAO

6    caused to be filed with the USCIS a Form I-829 (Petition by

7    Entrepreneur to Remove Conditions), which stated under penalty of

8    perjury that defendant ZHAO's spouse was defendant QIAO.

9    B.    Transfers from China to the United States

10   Overt Acts Nos. 9 through 15: On or about the following dates,

11   defendants QIAO and ZHAO caused the following transfers to be sent

12   from the transferors below to an Industrial and Commercial Bank of

13   China bank account in Wenzhou City, China, in the name of Bo Gong

14   ending in number -0101:

| OVERT ACT NO. | TRANSFEROR | DATE | AMOUNT (IN RMB) |
|---|---|---|---|
| 9 | Jing Li | 6/17/2011 | 900,000.00 |
| 10 | Jing Li | 6/20/2011 | 1,200,000.00 |
| 11 | Binghua Xu | 8/6/2011 | 2,500,000.00 |
| 12 | Binghua Xu | 8/10/2011 | 1,000,000.00 |
| 13 | Jing Li | 8/11/2011 | 2,000,000.00 |
| 14 | Cuilan Wang | 8/16/2011 | 2,000,000.00 |
| 15 | Binghua Xu | 9/9/2011 | 2,900,000.00 |

22   Overt Acts Nos. 16 through 24:    On or about the following

23   dates, defendants QIAO and ZHAO caused the following transfers to be

24   sent from the transferors below to an Industrial and Commercial Bank

25   of China bank account in Wenzhou City, China, in the name of Ling

26   Wang ending in number -0680:

27

28

| OVERT ACT NO. | TRANSFEROR | DATE | AMOUNT (IN RMB) |
|---|---|---|---|
| 16 | Jing Li | 6/21/2011 | 1,300,000.00 |
| 17 | Jing Li | 6/22/2011 | 1,500,000.00 |
| 18 | Binghua Xu | 6/23/2011 | 700,000.00 |
| 19 | Binghua Xu | 7/18/2011 | 1,000,000.00 |
| 20 | Jing Li | 7/19/2011 | 1,300,000.00 |
| 21 | Binghua Xu | 7/20/2011 | 1,200,000.00 |
| 22 | Jing Li | 7/26/2011 | 1,000,000.00 |
| 23 | Jing Li | 7/28/2011 | 1,500,000.00 |
| 24 | Jing Li | 7/29/2011 | 1,500,000.00 |

Overt Acts Nos. 25 through 30:   On or about the following dates, defendants QIAO and ZHAO caused the following transfers to be sent from a Bank of China bank account in Hong Kong, in the name of Zhengyi Co. Limited ending in number -4983 (the "Zhengyi Account"), to an HSBC Canada bank account for "Feng Li," denominated in U.S. dollars, ending in number -1306 (the "Canadian Feng Li -1306 Account"):

| OVERT ACT NO. | DATE | AMOUNT |
|---|---|---|
| 25 | 7/21/2011 | $76,570.00 |
| 26 | 7/27/2011 | $76,688.00 |
| 27 | 8/3/2011 | $153,610.00 |
| 28 | 8/16/2011 | $231,660.00 |
| 29 | 8/19/2011 | $185,471.00 |
| 30 | 8/24/2011 | $200,773.00 |

Overt Act No. 31:   On or about October 5, 2011, defendants QIAO and ZHAO caused a transfer to be sent from the Canadian Feng Li -1306 Account, from which $1,600,000.00 was debited, to an HSBC Canada bank account for "Feng Li," denominated in Canadian dollars ("CAD"),

1  ending in number -1150 (the "Canadian Feng Li -1150 Account"), into

2  which CAD 1,669,600 was deposited.

3      Overt Act No. 32:   On or about January 7, 2012, defendant ZHAO

4  caused corporate registration documents to be filed with the

5  Secretary of State for the State of Washington for S&O Investments

6  LLC, with an address at 6311 139th Place SE, Bellevue, Washington.

7      Overt Act No. 33:   On or about January 19, 2012, defendant ZHAO

8  caused to be filed registration and incorporation documents in

9  British Columbia, Canada, for 0930499 B.C. Ltd. which stated that

10  defendant ZHAO was a director of the entity.

11      Overt Act Nos. 34 through 36: On or about the following dates,

12  defendants QIAO and ZHAO caused the following checks issued in the

13  name of "Feng Li" to be drawn from the Canadian Feng Li -1150 Account

14  and deposited into a Royal Bank of Canada bank account for 0930499

15  B.C. Ltd. ending in number -1088 (the "RBC Company Account"):

| OVERT ACT NO. | DATE | AMOUNT (IN CANADIAN DOLLARS) |
|---|---|---|
| 34 | 2/13/2012 | 750,000 |
| 35 | 2/13/2012 | 910,000 |
| 36 | 3/16/2012 | 560,000 |

21      Overt Act No. 37:   On or about August 6, 2012, defendants QIAO

22  and ZHAO caused a deposit of a CAD 200,000 cashier's check drawn on

23  the RBC Company Account into a US Bank account for S&O Investments

24  LLC ending in number -6797.

25      Overt Act No. 38:   On or about August 13, 2012, defendants QIAO

26  and ZHAO caused a withdrawal of CAD 501,761.05 to be made from the

27  RBC Company Account, converted into $504,333.15, and wired to

28  beneficiary First American Title Insurance Company in Bellevue,

Washington, for closing costs associated with the purchase of property located at 7615 113th Avenue SE, Newcastle, Washington, in the name of buyer S&O Investments LLC (the "Newcastle Property").

Overt Act No. 39:   On or about August 3, 2012, defendants QIAO and ZHAO caused closing documents to be submitted to First American Title-International Escrow for the Newcastle Property, which included an operating agreement for S&O Investments LLC that stated defendant ZHAO owned 98% of the company and defendant ZHAO's son owned 2%.

Overt Act No. 40:   On or about August 3, 2012, defendant ZHAO signed a Settlement Statement on Form HUD-1 for the Newcastle Property, which form stated that S&O Investments LLC was the purchaser of the Newcastle Property.

Overt Act No. 41:   On or about August 17, 2012, a settlement agent signed a Final Settlement Statement on Form HUD-1 for the Newcastle Property.

COUNT TWO

[18 U.S.C. §§ 1546(a), 2(a)]

11.   The Grand Jury repeats, re-alleges, and incorporates by reference all of the introductory allegations set forth in paragraphs 1 through 6 of this Indictment as if set forth herein.

12.   On or about July 27, 2011, in Los Angeles County, within the Central District of California, defendant ZHAO, together with others known and unknown to the Grand Jury, aiding and abetting one another, knowingly made under oath, and under penalty of perjury knowingly subscribed as true, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, that is, a Form I-829 (Petition by Entrepreneur to Remove Conditions) for defendant ZHAO, and knowingly presented such application, affidavit, and other document which contained such false statement and which failed to contain any reasonable basis in law and fact, namely, that defendant ZHAO and Jianjun Qiao were married, when in fact defendant ZHAO and Jianjun Qiao were not.

COUNT THREE

[18 U.S.C. § 1956(h)]

13.  The Grand Jury repeats, re-alleges, and incorporates by reference all of the introductory allegations set forth in paragraphs 1 through 6 of this Indictment as if set forth herein.

I.  OBJECT OF THE CONSPIRACY

14.  Beginning on a date unknown to the Grand Jury, but no earlier than on or about May 28, 2008, and continuing through on or about July 2, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendants QIAO and ZHAO, together with others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to commit the following offense against the United States: To knowingly move by wire and other means, in and affecting interstate and foreign commerce, funds constituting criminally derived property and derived from a specified unlawful activity, namely, interstate and international transportation of stolen money, in violation of Title 18, United States Code, Section 2314, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of that specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

II.  THE MANNER AND MEANS OF THE CONSPIRACY

15.  The object of the conspiracy was carried out, and to be carried out, in substance, as follows:  The manner and means alleged in Count One of this Indictment, as set forth at paragraph 9 of this Indictment, are incorporated herein by reference as if fully set forth herein and alleged as the manner and means of this Count Three.

III. OVERT ACTS

16.    In furtherance of the conspiracy, and to accomplish its object, defendants QIAO and ZHAO, together with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

Overt Acts Nos. 1 through 41:       The overt acts alleged in Count One of this Indictment, as set forth at paragraph 10 above, are incorporated herein by reference as if fully set forth herein and are alleged as the overt acts of this Count Three.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

17.  The Grand Jury repeats, re-alleges, and incorporates by reference all of the introductory allegations set forth in paragraphs 1 through 6 of this Indictment as if set forth herein.

18.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given to defendants QIAO and ZHAO that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), in the event of the conviction of defendants QIAO and ZHAO under either or both of Counts One and Two of this Indictment.

19.  Defendants QIAO and ZHAO shall forfeit to the United States the following property:

a.  All right, title, and interest in any and all property, real or personal (including, without limitation, the real property located at 7615 113th Avenue SE, Newcastle, Washington 98056 (that is, Lot 20 of Hemmingson Terrace, as per plat recorded in volume 66 of plats, page 72, records of King County Auditor; situated in the city of Newcastle, County of King, State of Washington), which constitutes or is derived from proceeds traceable to any offense or any transaction set forth in either or both of Counts One and Two of this Indictment; and

b.  A sum of money equal to the total value of the property described in paragraph 19(a).  In the event that both defendants QIAO and ZHAO are found guilty of either or both Counts One and Two, defendants QIAO and ZHAO each shall be jointly and

1 | severally liable for the entire amount forfeited pursuant to that
2 | Count.
3 |     20.   Pursuant to Title 21, United States Code, Section 853(p),
4 | as incorporated by Title 28, United States Code, Section 2461(c), and
5 | Title 18, United States Code, Section 982(b), defendants QIAO and
6 | ZHAO shall forfeit substitute property, up to the total value of the
7 | property described in the preceding paragraph if, as the result of
8 | any act or omission of a defendant, the property described in the
9 | preceding paragraph, or any portion thereof (a) cannot be located
10 | upon the exercise of due diligence; (b) has been transferred, sold
11 | to, or deposited with a third party; (c) has been placed beyond the
12 | jurisdiction of the court; (d) has been substantially diminished in
13 | value; or (e) has been commingled with other property that cannot be
14 | divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(1)]

21.  The Grand Jury repeats, re-alleges, and incorporates by reference all of the introductory allegations set forth in paragraphs 1 through 6 of this Indictment as if set forth herein.

22.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given to defendants QIAO and ZHAO that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(1), in the event of defendant QIAO's and ZHAO's conviction under Count Three of this Indictment.

23.  Defendants QIAO and ZHAO shall forfeit to the United States the following property:

a.  All right, title, and interest in any and all property, real or personal (including, without limitation, the real property located at 7615 113th Avenue SE, Newcastle, Washington 98056 (that is, Lot 20 of Hemmingson Terrace, as per plat recorded in volume 66 of plats, page 72, records of King County Auditor; situated in the city of Newcastle, County of King, State of Washington), involved in or traceable to the commission of any offense or any transaction set forth in Count Three of this Indictment; and

b.  A sum of money equal to the total value of the property described in paragraph 23(a).  In the event that both defendants QIAO and ZHAO are found guilty of Count Three, each such defendant shall be jointly and severally liable for the entire amount forfeited pursuant to that Count.

24.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and

16

1   Title 18, United States Code, Section 982(b), defendants QIAO and

2   ZHAO shall forfeit substitute property, up to the total value of the

3   property described in the preceding paragraph if, as the result of

4   any act or omission of a defendant, the property described in the

5   preceding paragraph, or any portion thereof (a) cannot be located

6   upon the exercise of due diligence; (b) has been transferred, sold

7   to, or deposited with a third party; (c) has been placed beyond the

8   jurisdiction of the court; (d) has been substantially diminished in

9   //

10   //

1  value; or (e) has been commingled with other property that cannot be
2  divided without difficulty.
3
4
5                                        A TRUE BILL
6
7
8                                        /S/
                                         _____
                                         Foreperson
9  ANDRÉ BIROTTE JR.
   United States Attorney
10
11
12 ROBERT E. DUGDALE
   Assistant United States Attorney
13 Chief, Criminal Division
14 WESLEY L. HSU
   Assistant United States Attorney
15 Chief, Cyber & Intellectual
   Property Crimes Section
16
   TRACY L. WILKISON
17 Assistant United States Attorney
   Deputy Chief, Cyber &
18 Intellectual Property Crimes
   Section
19
   RONALD CHENG
20 Assistant United States Attorney
   Cyber & Intellectual Property
21 Crimes Section
22
23
24
25
26
27
28