EILEEN M. DECKER
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
VICKI CHOU (Cal. Bar No. 248598)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
JOHN J. KUCERA (Cal. Bar No. 274184)
Asset Forfeiture Section
1500/1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-8692/3391
Facsimile: (213) 894-7631/0142
E-mail: Vicki.Chou@usdoj.gov
John.Kucera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JIANJUN QIAO,
aka "Feng Li," and
SHILAN ZHAO,

Defendants.

No. CR 14-384-SVW

PLEA AGREEMENT

1. This constitutes the plea agreement between SHILAN ZHAO ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

//

//

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in United States v. Qiao and Zhao, CR No. 14-384-SVW, which charges defendant with conspiracy, in violation of 18 U.S.C. § 371.

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h. Allow funds posted as bond in this matter in the amount of $25,000.00 to be applied by the Court to pay, in order of application, any restitution, special assessment, criminal fines, and costs that defendant is required to pay, and execute papers as necessary to accomplish this application.

3. Defendant further agrees to cooperate fully with the USAO, the Department of Homeland Security, Homeland Security Investigations, Internal Revenue Service - Criminal Investigations, and, as directed by the USAO, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority. This cooperation requires defendant to:

a. Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b. Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

c. Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

4. For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement or pursuant to the letter agreements previously entered into by the parties dated August 23, 2016 and August 31, 2016 (the "Letter Agreements"); and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

FORFEITURE AND FINANCIAL ACCOUNTABILITY

5. Defendant further agrees:

a. Truthfully to disclose to law enforcement officials, at a date and time to be set by the USAO, the location of,

defendant's ownership interest in, and all other information known to defendant about, all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, defendant's illegal activities, and to forfeit all right, title, and interest in and to such items, specifically including all right, title, and interest in and to all United States currency, property and assets, including, without limitation all proceeds from the sale of the real property located at the following addresses:

i. 7615 113th Avenue SE, Newcastle, Washington 98056 (that is, Lot 20 of Hemmingson Terrace, as per plat recorded in volume 66 of plats, page 72, records of King County Auditor; situate in the city of Newcastle, County of King, State of Washington;

ii. 40-22 College Point Boulevard, Unit 3-11B, Flushing, New York 11354, more particularly described as:

> The Condominium Unit (hereinafter called the "Unit") in the building (hereinafter called the "Building") known as Sky View Parc Residential Condominium Tower Three and by the street address 40-22 College Point Boulevard, Flushing, New York, 11354, Borough of Queens, City and State of New York, said Unit being designated and described as Unit 11B in that certain declaration, dated as of September 9, 2009, made by AFC2, LLC pursuant to Article 9-B of the Real Property Law of the State of New York (hereinafter called the "Condominium Act") establishing condominium ownership of the Building and the land (hereinafter called the "Land") upon which the Building is situate, which declaration was recorded in the New York County Office of the Register of The City of New York (the "City Register's Office") on December 17, 2009 as CRFN #2009000414020 supplemented by the Joinder to Declaration of Sky View Parc Residential Condominium Tower Three, dated as of June 28, 2010 made by Flushing Town Center III, L.P., (the "Joinder") recorded on June 30, 2010 as CRFN #2010000216416 (which declaration, and any amendments thereto, together with and supplemented by the Joinder, are hereinafter collectively called the "Declaration"). The Unit is also

designated as Tax Lot 1081 in Block 5066 of the Borough of Queens on the Tax Map of the Real Property Assessment Bureau of The City of New York and on the Floor Plans of the Building certified by Perkins Eastman, Registered Architect, on November 23, 2009, and filed with the Tax Map Unit, Land Records Division, of The City of New York on December 14, 2009 as Condominium Plan No. 664 and also filed in the City Register's Office on December 17, 2009 as CRFN #2009000414021. Together with an undivided 0.589% interest in the Common Elements (as such term is defined in the Declaration) of Sky View Parc Residential Condominium Tower Three.

iii. 127 N. Garfield Ave., Monterey Park, California 91754 Vacant Land, Monterey Park, California 91754, more particularly described as:

PARCEL A: (APN: 5255•007-004)
PARCEL AI: THE SOUTH 119 FEET OF THE WEST 50.62 FEET Of LOT 132 OF RAMONA ACRES, IN THE CITY OF MONTEREY PARK, AS PER MAP RECORDED IN BOOK 11 PAGE 50 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL AII; AN EASEMENT OVER THE WEST 5 FEET OF THE SOUTH 90 FEET OF THE EAST 157 FEET OF LOT 132 OF RAMONA ACRES FOR ALLEY PURPOSES, AS ESTABLISHED IN AN AGREEMENT EXECUTED BY JOHN B. MCCORMICK AND M. ELIZABETH MCCORMICK, HUSBAND AND WIFE, AND THOMAS BERRY AND ELIZABETH A. BERRY, HUSBAND AND WIFE, RECORDED SEPTEMBER 29, 1923 IN BOOK 2750, PAGE 179, OFFICIAL RECORDS.

PARCEL B: (APN: 5255-007•024)
LOTS 131 AND 134; AND LOT 133, EXCEPT THE SOUTH 119 FEET OF SAID LOT 133; AND THE WEST 50.62 FEET OF LOT 132, EXCEPT THE SOUTH 119 FEET OF SAID LOT 132 OF RAMONA ACRES PLAT NO.2, AS PER MAP RECORDED IN BOOK 11, PAGE 50 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL C: (APN: 5255•007-010)
THE NORTHERLY 15 FEET OF THE SOUTHERLY 119 FEET OF THE WESTERLY 117.61 FEET OF LOT 133, OF RAMONA ACRES PLAT NO. 2, IN THE COUNTY OF LOS ANGELES STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 11 PAGE(S) 50 OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

iv. 412 N. Atlantic Boulevard, (Commonly Known as 420 North Atlantic Boulevard), 415 North Chandler Avenue, and 419 North Chandler Avenue, Monterey Park, California 91754, more particularly described as:

PARCEL 1:

LOT 273 OF RAMONA ACRES PLAT NO. 2 IN THE CITY OF MONTEREY PARK, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 16 PAGES 134 AND 135 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTH ONE-HALF THEREOF.

EXCEPT THEREFROM ALL OIL, COAL, NAPHTHA OR HYDROCARBON PRODUCTS ON OR UNDERNEATH THE SURFACE THEREOF, AS RESERVED BY OTTO B. SCHAARSCHMIDT, IN THE DEED RECORDED JULY 8, 1939 IN BOOK 16747 PAGE 142, OFFICIAL RECORDS
(APN: 5256-002-007)

PARCEL 2:
THE SOUTH HALF OF LOT 273 OF RAMONA ACRES PLAT NO. 2, IN THE CITY OF MONTEREY PARK, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 16 PAGES 134 AND 135 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
(APN: 5256-002-008)

PARCEL 3:
LOT 296 OF RAMONA ACRES PLAT NO. 2, IN THE CITY OF MONTEREY PARK, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 16 PAGES 134 AND 135 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
(APN 5256-Q02-021)

b. To the Court's entry of an order of forfeiture at or before sentencing with respect to these assets and to the forfeiture of the assets.

c. To take whatever steps are necessary to pass to the United States clear title to the assets described above, including, without limitation, the execution of a consent decree of forfeiture

and the completing of any other legal documents required for the transfer of title to the United States.

d. To withdraw any and all administrative claims and not to contest any administrative forfeiture proceedings or civil judicial proceedings, pursuant to 18 U.S.C. §§ 981, 982, and 21 U.S.C. § 853(p), or other relevant statute, commenced against any of the assets specifically described herein, or against any other assets or properties defendant discloses as a result of her obligation to disclose all assets described herein. With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that forfeiture of the assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

e. Not to assist any other individual in any effort falsely to contest the forfeiture of the assets described above.

f. Not to claim that reasonable cause to seize the assets was lacking.

g. To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h. To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i. That forfeiture of assets described above shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

<u>THE USAO'S OBLIGATIONS</u>

6. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 6 or higher. If the advisory guidelines range adopted by the Court falls within Zone A of the Sentencing

Table, the USAO will recommend that defendant be sentenced to a term of probation including no more than a year of home confinement.

7. The USAO further agrees:

a. Not to offer as evidence in its case-in-chief in the above-captioned case or any other criminal prosecution that may be brought against defendant by the USAO, or in connection with any sentencing proceeding in any criminal case that may be brought against defendant by the USAO, any Cooperation Information. Defendant agrees, however, that the USAO may use both Cooperation Information and Plea Information: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of defendant; (2) to cross-examine defendant should defendant testify, or to rebut any evidence offered, or argument or representation made, by defendant, defendant's counsel, or a witness called by defendant in any trial, sentencing hearing, or other court proceeding; and (3) in any criminal prosecution of defendant for false statement, obstruction of justice, or perjury.

b. Not to use Cooperation Information against defendant at sentencing for the purpose of determining the applicable guideline range, including the appropriateness of an upward departure, or the sentence to be imposed, and to recommend to the Court that Cooperation Information not be used in determining the applicable guideline range or the sentence to be imposed. Defendant understands, however, that Cooperation Information will be disclosed to the probation office and the Court, and that the Court may use Cooperation Information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

c. In connection with defendant's sentencing, to bring to the Court's attention the nature and extent of defendant's cooperation.

d. If the USAO determines, in its exclusive judgment, that defendant has both complied with defendant's obligations under paragraphs 3 and 4 above and provided substantial assistance to law enforcement in the prosecution or investigation of another ("substantial assistance"), to move the Court pursuant to U.S.S.G. § 5K1.1 to fix an offense level and corresponding guideline range below that otherwise dictated by the sentencing guidelines, and to recommend a term of imprisonment within this reduced range.

DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

8. Defendant understands the following:

a. Any knowingly false or misleading statement by defendant will subject defendant to prosecution for false statement, obstruction of justice, and perjury and will constitute a breach by defendant of this agreement.

b. Nothing in this agreement requires the USAO or any other prosecuting, enforcement, administrative, or regulatory authority to accept any cooperation or assistance that defendant may offer, or to use it in any particular way.

c. Defendant cannot withdraw defendant's guilty plea if the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a reduced guideline range or if the USAO makes such a motion and the Court does not grant it or if the Court grants such a USAO motion but elects to sentence above the reduced range.

d. At this time the USAO makes no agreement or representation as to whether any cooperation that defendant has

provided or intends to provide constitutes or will constitute substantial assistance. The decision whether defendant has provided substantial assistance will rest solely within the exclusive judgment of the USAO.

e. The USAO's determination whether defendant has provided substantial assistance will not depend in any way on whether the government prevails at any trial or court hearing in which defendant testifies or in which the government otherwise presents information resulting from defendant's cooperation.

NATURE OF THE OFFENSE

9. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy, in violation of Title 18, United States Code, Section 371, the following must be true: (1) Beginning on or about May 28, 2008, and ending on or about July 2, 2014, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; (2) the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with the jury agreeing on a particular overt act that the jury found was committed.

10. Defendant understands that the elements of 18 U.S.C. § 1546(a), are: (1) an individual made or subscribed as true a false statement or presented an application which contained a false statement; (2) the individual acted with knowledge that the statement was untrue; (3) the statement was material to the activities or decisions of U.S. Citizenship and Immigration Services; (4) the statement was made on an application or other document required by

immigration laws or regulations or was presented knowing the application contained a false statement; and (5) the statement was made under oath or penalty of perjury.

PENALTIES

11. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

12. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation,

parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

14. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

15. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on or about May 28, 2008, and continuing until at least on or about July 2, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendant conspired and agreed with her former husband,

Jianjun Qiao ("Qiao"), to commit a crime charged in the indictment by submitting false materials in support of defendant's application for an EB-5 investor visa, through which visa defendant and Qiao intended to obtain immigration status in the United States. On or about May 28, 2008, under penalty of perjury, defendant signed and submitted to United States immigration offices a Form I-526 (Immigration Petition by Alien Entrepreneur), which form affirmed that the submitted petition and all supporting documentation were true and correct. In fact, as defendant then well knew, some of the supporting documents were false, including a false marriage certificate and false papers documenting the source of defendant's investment. Qiao prepared or obtained these documents and defendant knew that at least some of the documents were false.

SENTENCING FACTORS

16. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

17. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level: 8 [U.S.S.G. § 2B2.2]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

18. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

20. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel - and if necessary have the court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel - and if necessary have the court appoint counsel - at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF VENUE

21. Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offenses to which defendant is pleading guilty, to the extent the offenses to which defendant is pleading guilty were committed, begun, or completed outside the Central District of California, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have to be prosecuted only in the district where the offenses to which defendant is pleading guilty were committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offenses to which defendant is pleading guilty.

WAIVER OF APPEAL OF CONVICTION

22. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 6 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; and the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

24. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

25. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and

hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible; and (c) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

26. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

27. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. For example, if defendant knowingly, in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes defendant's own role, or the role of another, in criminal conduct, defendant will have breached this agreement. All of defendant's

obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

a. If defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea.

b. The USAO will be relieved of all its obligations under this agreement; in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crimes to which defendant has pleaded guilty; (ii) will no longer be bound by any agreements regarding criminal prosecution, and will be free to criminally prosecute defendant for any crime, including charges that the USAO would otherwise have been obligated to dismiss pursuant to this agreement; and (iii) will no longer be bound by any agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

c. The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

d. In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant

agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation Information, any Plea Information, or any evidence derived from any Cooperation Information or any Plea Information should be suppressed or is inadmissible.

28. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

COURT AND PROBATION OFFICE NOT PARTIES

29. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

//

NO ADDITIONAL AGREEMENTS

32. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

33. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

EILEEN M. DECKER
United States Attorney

______________________________ 12/22/16
VICKI CHOU / JOHN KUCERA Date
Assistant United States Attorneys

______________________________ 12/21/16
SHILAN ZHAO Date
Defendant

______________________________ 12/21/16
KIRK DAVIS Date
Attorney for Defendant SHILAN ZHAO

CERTIFICATION OF DEFENDANT

This agreement has been read to me in Chinese, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation provided by my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_______________________ 12/21/16
SHILAN ZHAO Date
Defendant

CERTIFICATION OF INTERPRETER

I, Phillip Su, am fluent in the written and spoken English and Chinese languages. I accurately translated this entire agreement from English into Chinese to defendant Shilan Zhao on this date.

_______________________ 12/21/2016
INTERPRETER Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am SHILAN ZHAO's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

KIRK DAVIS
Attorney for Defendant SHILAN ZHAO

12.22.16
Date